**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**CHRISTINE KHAMI,**

       **Plaintiff,**                        **CIVIL ACTION NO. 09-CV-11464**

   vs.

                                        **DISTRICT JUDGE DAVID M. LAWSON**

**ORTHO-MCNEIL-JANSSEN**        **MAGISTRATE JUDGE MONA K. MAJZOUB**
**PHARMACEUTICAL, INC.,**
**KEVIN GUENO, and REGGIE**
**YOUNG,**

       **Defendants.**
_____/

**ORDER GRANTING IN PART PLAINTIFF'S MOTION TO COMPEL MORE**
**COMPLETE ANSWERS (DOCKET NO. 63)**

      Plaintiff initiated this lawsuit on April 17, 2009 against Defendants Ortho-McNeil-Janssen Pharmaceutical, Inc. ("OMJPI"), Kevin Gueno, Reggie Young, and eleven others whom she believes may be liable for engaging in discriminatory and retaliatory conduct in the terms and conditions of her employment. Presently before the Court is Plaintiff's Motion To Compel More Complete Answers To Plaintiff's First Set Of Interrogatories, Requests For Production Of Documents And Requests For Admissions. (Docket no. 63). The motion has been referred to the undersigned for decision pursuant to 28 U.S.C. § 636(b)(1)(A). (Docket no. 64). The motion being fully briefed, the Court dispenses with oral argument pursuant to E.D. Mich. LR 7.1(f). This matter is now ready for ruling.

      Plaintiff served her First Set of Interrogatories and First Requests for Admission on

1

Defendant OMJPI. She served her First Requests for Production of Documents on Defendants OMJPI, Gueno, and Young. Defendants served written responses and objections on October 18, 2010. (Docket no. 63, Ex. 1-3). Plaintiff now moves for an order compelling Defendant OMJPI to provide full and complete responses to Interrogatories nos. 10 and 11 and Requests for Admission nos. 11 and 13. Plaintiff also moves for an order compelling Defendants OMJPI, Gueno, and Young to produce documents responsive to production requests nos. 2-8, 11-13, and 16. In addition, Plaintiff contends that there remain unresolved issues concerning Requests for Admission nos. 1 and 3. (Docket no. 74).[1]

Interrogatory no. 10 asks Defendant OMJPI to identify whether any of their employees or agents have made allegations against them related to gender discrimination in violation of the Elliott-Larsen Civil Rights Act, Title VII of the Civil Rights Act of 1964, Whistleblowers' Protection Act, the Family Medical Leave Act("FMLA"), or for retaliation for testifying before a grand jury adverse to Defendant OMJPI. Interrogatory no. 11 asks Defendant OMJPI whether any of their employees or agents have made allegations against them related to harassment, discrimination, or retaliation in violation of the Elliott-Larsen Civil Rights Act, Title VII of the Civil Rights Act of 1964, Whistleblowers' Protection Act, and the FMLA since 2002 that resulted in a lawsuit in which Defendant OMJPI was named as a Defendant.

Defendant OMJPI objects to Interrogatories nos. 10 and 11 on the grounds that they are

---

[1]The parties also contend that they have unresolved issues related to depositions. (Docket nos. 63, 66, 74). However, because it appears that the outstanding deposition issues have been resolved by the Court (docket nos. 68, 69, 77, 82), the parties' arguments related to depositions raised in this motion will not be discussed in this Order.

overly broad, unduly burdensome, oppressive, and seek information that is irrelevant and outside the scope of permissible discovery. The Court agrees and finds that Interrogatories nos. 10 and 11 are overbroad. Plaintiff's motion will be denied as to these requests.

Request for Admission no. 1 asks Defendant OMJPI to admit that a New York Times article attached to Plaintiff's motion as Exhibit 9 accurately sets forth and summarizes the agreement by Ortho-McNeil Pharmaceutical and Defendant OMJPI to pay more than $81 million in an action involving illegally promoting the drug Topamax. The two-page New York Times news article discusses the Justice Department's position that Ortho-McNeil Pharmaceutical promoted Topamax sales for unapproved psychiatric use under a program called Doctor-for-a-Day. The article further states that Defendant OMJPI will pay more than $75 million, and that its subsidiary, Ortho-McNeil Pharmaceutical, has agreed to plead guilty to a misdemeanor violation of the Food, Drug, and Cosmetic Act and pay a $6.1 million criminal fine. Defendant OMJPI objects to Request for Admission no. 1 on the grounds of relevance.

Rule 36 of the Federal Rules of Civil Procedure permits a party to serve on any other party "a written request to admit . . . the truth of any matters within the scope of Rule 26(b)(1) relating to: (A) facts, the application of law to fact, or opinions about either; and (B) the genuineness of any described documents." Fed.R.Civ.P. 36(a)(1). "Rule 36 is not a discovery device, and its proper use is as a means of avoiding the necessity of proving issues which the requesting party will doubtless be able to prove." *Quicken Loans v. Jolly*, No. 07-CV-13143, 2007 WL 3408551, at \*2 (E.D. Mich. Nov. 15, 2007) (citation omitted); *Misco, Inc. v. United State Steel Corp.*, 784 F.2d 198, 205 (6th Cir.1986). The Court finds that Plaintiff's Request for Admission no. 1 is not a proper Rule 36 request, does not comply with Federal Rule of Civil Procedure 36(a), and more closely resembles

an attempt to utilize Rule 36 as a general discovery device. Plaintiff's motion to compel will be denied as to this request.

Request for Admission no. 3 asks Defendant OMJPI to admit that in April 2007 Plaintiff complained to Defendant Young that she was being retaliated against by Defendant Gueno for testifying before the Grand Jury and for taking FMLA leave. Defendant OMJPI responds by stating that on or around April 2007 Plaintiff complained to Defendant Young about alleged discrimination and retaliation. Defendant OMJPI further responds by stating that after making reasonable inquiry they are unable to admit or deny the remainder of Plaintiff's request because they lack the knowledge or information sufficient to form a belief as to whether Plaintiff complained about her FMLA leave. Federal Rule of Civil Procedure 36 provides that an answer to a proper Request for Admission must deny the request or "state in detail why the answering party cannot truthfully admit or deny it." Fed.R.Civ.P. 36(a)(4). "The answering party may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny." Fed.R.Civ.P. 36(a)(4). The Court is satisfied that Defendants' response conforms with Rule 36(a)(4). No further response will be ordered.

Request for Admission no. 11 asks Defendant OMJPI to admit that at a February 2008 meeting in Chicago off-label studies were given to the sales team to review. Request for Admission no. 13 asks Defendant OMJPI to admit that marketing Axert/Topamax to pediatric neurologists for migraine treatment is off-label marketing. Defendant OMJPI argues that studies were provided to employees at the 2008 meeting to increase their product knowledge and for training purposes only, but claims that because Plaintiff has not defined "off-label studies" or identified the studies to which

4

she is referring they are not able to respond to Plaintiff's requests. Defendant OMJPI objects to the requests on the grounds that they are overly broad, unduly burdensome, and irrelevant. Plaintiff contends that the term "off-label marketing" means "any practice employed by sales representatives which would tend to encourage medical providers to write prescriptions for drugs for purposes for which they had not received FDA approval." (Docket no. 63, motion at 9). The Court will grant Plaintiff's motion as to Requests for Admission nos. 11 and 13 and will order Defendant OMJPI to serve written responses to the requests that are consistent with Federal Rule of Civil Procedure 36.

Document request no. 2 asks Defendants for all documents "relating to the agreement to resolve the claims brought under the False Claims Act regarding the marketing of Topamax including . . . any announcements by the United States Department of Justice and any agreement on the part of [Defendant OMJPI] and/or Ortho-McNeil Pharmaceutical to plead guilty to misdemeanor violations and/or to pay criminal or civil fines or settlements." Defendants object on the grounds that the request is overly broad, unduly burdensome, and seeks information that is inadmissible and not relevant to the issues in this lawsuit.

Plaintiff's request for documents related to "the agreement to resolve the claims brought under the False Claims Act regarding the marketing of Topamax including . . . any announcements by the United States Department of Justice" is vague and ambiguous. Similarly, the second half of Plaintiff's request asking for documents related to any agreement on the part of Defendant OMJPI and/or Ortho-McNeil Pharmaceutical to plead guilty to misdemeanor violations and/or to pay criminal or civil fines or settlements is not limited in time or scope, and is vague and overbroad. Although Defendants state that document request no. 2 asks for information related to a criminal plea agreement between the federal government and an affiliate of Defendant OMJPI, and

information pertaining to two civil *qui tam* actions brought pursuant to the False Claims Act, Plaintiff's request does not state as much. The Court will deny Plaintiff's motion as to document request no. 2.

Document request no. 3 asks Defendants to produce the personnel file for any employee, agent, or contractor of Defendants, their affiliates or subsidiaries who were subpoenaed or who testified in *Maher v. Ortho-McNeil Pharmaceuticals*, No. 03-11445, and *U.S. ex. rcl. Spivack v. Johnson & Johnson OMPI*, No. 04-11886. Document Request no. 4 asks Defendants to produce the personnel files for Relators in *Maher v. Ortho-McNeil Pharmaceuticals*, No. 03-11445, and *U.S. ex. rcl. Spivack v. Johnson & Johnson OMPI*, No. 04-11886. Plaintiff argues that these documents are relevant as to whether Defendants have a pattern and practice of retaliating against employees who produced documents, testified before the Grand Jury, brought claims against the company, or refused to participate in off-label marketing. Defendants object on the grounds that the requests are overly broad, unduly burdensome, oppressive, seek information that is not relevant to this lawsuit, and request private and confidential information about persons who are not parties to this action. In addition, Defendants argue that the Sixth Circuit has limited the circumstances in which evidence of discrimination against others is considered relevant and admissible at trial. *See Schrand v. Fed. Pac. Elec. Co.*, 851 F.2d 152, 155-57 (6th Cir.1988).

The question of admissibility of evidence at trial is not before this Court. The Federal Rules of Civil Procedure permit liberal discovery of any matter that is not privileged and is relevant to the claims or defenses of any party. Fed.R.Civ.P. 26(b)(1). Documents that are the subject of a discovery request need not be admissible provided they have the potential to lead to admissible evidence. Fed.R.Civ.P. 26(b)(1). The cases referenced in document requests nos. 3 and 4 were filed

in 2003 and 2004 at a time when Plaintiff was employed by Defendant OMJPI and involve off-label marketing of Topamax. The Court will permit discovery of the personnel files. A Stipulated Protective Order was entered on January 14, 2011 that governs confidential discovery material including employee or personnel information and records. (Docket no. 68). Therefore, unless the parties state otherwise, it appears that the protective order already in effect should be sufficient to protect the privacy interests attached to nonparty personnel files. *See Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 365 (6th Cir.1999). Accordingly, the Court will grant Plaintiff's motion as to document requests nos. 3 and 4, and will order Defendants to produce documents they have within their possession, custody, and control that are responsive to these requests.

Document request no. 5 asks Defendants to produce all documents generated or received by Defendants in the last five years referencing Plaintiff. Defendants assert that they have produced almost three thousand pages of documents, including email communications, Plaintiff's personnel file, and her Human Resources' file. Defendants object to producing additional documents on the grounds that the request is overly broad, unduly burdensome, oppressive, and seeks information that is not relevant to this lawsuit. The Court finds that document request no. 5 is overbroad. No further response will be ordered.

Document request no. 8 asks for any and all documents relating to any oral or written complaints by Plaintiff regarding Defendants Gueno or Young and any documents referencing, regarding or relating to any actions or investigations undertaken by Defendants as a result of those complaints. Plaintiff argues that because she has emails and documents in her records that have not been produced, Defendants must not have produced "any and all documents" as requested. In response, Defendants claim to have produced the requested documents in Plaintiff's personnel file,

Human Resources files, Common Ground file, and managers' files. The Court will order Defendants to serve an amended response on Plaintiff containing a sworn declaration that after making reasonable inquiry Defendants have produced all documents within their possession, custody, and control that are responsive to document request no. 8. *See Potluri v. Yalamanchili*, No. 06-13517, 2008 WL 1808377, at *1-2 (E.D. Mich. April 22, 2008) (citation omitted), *aff'd*, No. 06-13517, 2008 WL 2566367 (E.D. Mich. June 24, 2008).

Document request no. 11 asks Defendants to produce all documents referencing any concerns or complaints raised by any employee of Defendants relating to Defendant Gueno in the last seven years. Defendants object on the grounds that the request seeks information that is not relevant to this lawsuit and requests private and confidential information about persons who are not parties to this action. Document request no. 11 is overbroad. However, Defendants have informed the Court that they have mailed Plaintiff a disk containing the personnel, Human Resources, and managers' files for Defendant Gueno that will resolve the parties' dispute with respect to this request. (Docket no. 81 at 4). Accordingly, no further response will be ordered.

Document request no. 12 asks for all documents, including memos, presentations, reports, etc. that were presented to or provided by Defendants to attendees at or relating to a February 2-4, 2008 meeting in Chicago. Defendants object on the grounds that the request is overly broad, unduly burdensome, oppressive, and seeks information that is not relevant to this lawsuit. Document request no. 12 is overbroad. The Court will deny Plaintiff's motion as to this request.

Document request no. 13 asks Defendants to produce Plaintiff's entire employment file as defined under the Bullard-Plawecki Right to Know Act, MCLA 423.501 *et seq*. Defendants contend that they produced Plaintiff's personnel file, Human Resources files, Common Ground file, and

managers' files. Plaintiff argues that Defendants have not produced all responsive documents. The Court will order Defendants to serve an amended response on Plaintiff containing a sworn declaration that after making reasonable efforts Defendants have produced all documents within their possession, custody, or control that are responsive to document request no. 13.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion To Compel More Complete Answers To Plaintiff's First Set Of Interrogatories, Requests For Production Of Documents And Requests For Admissions (docket no. 63) is **GRANTED IN PART.** On or before April 15, 2011 Defendant OMJPI must serve upon Plaintiff written responses to Plaintiff's First Requests for Admission nos. 11 and 13. Also on or before April 15, 2011, Defendants OMJPI, Gueno, and Young must produce documents they have within their possession, custody, or control that are responsive to Plaintiff's First Requests for Production of Documents nos. 3 and 4, and amend their responses to Plaintiff's First Requests for Production of Documents nos. 8 and 13 as provided in this order. In all other respects Plaintiff's motion is denied.

### NOTICE TO THE PARTIES

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of fourteen days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. § 636(b)(1).

Dated: March 17, 2011             s/ Mona K. Majzoub
                                  MONA K. MAJZOUB
                                  UNITED STATES MAGISTRATE JUDGE

**PROOF OF SERVICE**

I hereby certify that a copy of this Order was served upon Counsel of Record on this date.

Dated: March 17, 2011         s/ Lisa C. Bartlett
                              Case Manager