UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**CHRISTINE KHAMI,**

       **Plaintiff,**                   **CIVIL ACTION NO. 09-CV-11464**

   vs.

                                       **DISTRICT JUDGE DAVID M. LAWSON**

**ORTHO-MCNEIL-JANSSEN**       **MAGISTRATE JUDGE MONA K. MAJZOUB**
**PHARMACEUTICAL, INC.,**
**KEVIN GUENO, and REGGIE**
**YOUNG,**

       **Defendants.**
_____/

**ORDER GRANTING IN PART PLAINTIFF'S SECOND MOTION TO COMPEL MORE
COMPLETE ANSWERS (DOCKET NO. 75)**

      This matter comes before the Court on Plaintiff's Second Motion To Compel More Complete Answers To Plaintiff's Second Set Of Requests For Production Of Documents, Plaintiff's Third Interrogatories and Request For Production Of Documents, and Plaintiff's Fourth Request For Production Of Documents. (Docket no. 75). The motion has been referred to the undersigned for decision pursuant to 28 U.S.C. § 636(b)(1)(A). (Docket no. 76). The motion being fully briefed, the Court dispenses with oral argument pursuant to E.D. Mich. LR 7.1(f). This matter is now ready for ruling.

      Plaintiff served her Second Request for Production of Documents, her Third Interrogatories and Request for Production of Documents, and her Fourth Request for Production of Documents on Defendants OMJPI, Gueno, and Young. Defendants served their written responses and objections between December 13, 2010 and January 3, 2011. (Docket no. 75, Ex. 1, 6, 7). Plaintiff now moves

1

for an order compelling more complete responses to the discovery requests. Plaintiff also requests an order permitting her to reopen the depositions of Jan Jeffords Schenck and Defendants Young and Gueno after Defendants fully respond to Plaintiff's discovery requests. The parties' Joint Statement of Resolved and Unresolved Issues indicates that they have been unable to resolve issues related to Plaintiff's Second Request for Production of Documents nos. 2-6, Plaintiff's Third Interrogatories no. 1, and Plaintiff's Fourth Request for Production of Documents nos. 1 and 2.

1. <u>Plaintiff's Second Request for Production of Documents</u>

Document request no. 2 asks Defendants to produce all documents provided to or reviewed by Defendant Gueno in preparation for his testimony to the Grand Jury. Defendants state that they do not have possession of documents that were provided to Defendant Gueno for review or of those documents Defendant Gueno actually reviewed in preparation for his Grand Jury testimony. Defendants also state that other than a set of notes prepared by Plaintiff relating to a meeting with Dr. Connors, Defendant Gueno does not even recall which documents he reviewed in preparation for his Grand Jury testimony. Defendants assert that Defendant Gueno has been unable to locate the set of notes that he did review. Defendants further contend that Defendant Gueno did not retain any documents that he reviewed and cannot recall the names of the attorneys who helped prepare him for the Grand Jury proceedings. Plaintiff claims that Defendants' assertions that they cannot locate documents are disingenuous because Defendants had a document retention policy in place that required the preservation of these documents. Plaintiff further argues that Defendants have not set forth what efforts they took to locate the documents, including whether they contacted Ortho-

McNeil's corporate counsel who allegedly prepared Defendant Gueno for his Grand Jury testimony

to inquire into the identify and whereabouts of these documents.

Plaintiff may serve a request to produce "items in the responding party's possession, custody, or control." Fed.R.Civ.P. 34(a)(1). "The word 'control' is to be broadly construed. A party controls documents that it has the right, authority, or ability to obtain upon demand." *Scott v. AREX, Inc.*, 124 F.R.D. 39, 41 (D. Conn. 1989) (citations omitted). Defendants' response does not identify whether they have responsive documents within their custody or control. The Court will order Defendants to make reasonable efforts to identify whether corporate counsel including counsel for Ortho-McNeil have the documents Plaintiff seeks, and if so, produce those documents that are within Defendants' possession, custody, or control. If after reasonable effort Defendants are unable to locate any responsive documents, Defendants must serve an amended response on Plaintiff containing a sworn declaration describing with specificity the details of the efforts made to locate documents and declaring that after making reasonable effort Defendants cannot locate any documents within their possession, custody, or control that are responsive to Plaintiff's Second Request for Production of Documents no. 2. *See Potluri v. Yalamanchili*, No. 06-13517, 2008 WL 1808377, at *1-2 (E.D. Mich. April 22, 2008) (citation omitted), *aff'd*, No. 06-13517, 2008 WL 2566367 (E.D. Mich. June 24, 2008).

Document request no. 3 asks Defendants to produce all files maintained by Defendants' employees or agents with respect to Plaintiff. Defendants contend that they have produced over two thousand documents comprising the files for Plaintiff retained by Human Resources and her managers, including Defendant Gueno's file. Plaintiff now asks that Defendants confirm that they have produced the requested documents by supplementing their response to identify by Bates stamp numbers those documents already produced from managers' files including documents produced

from the file kept by Defendant Gueno. The Court will grant Plaintiff's motion as to this request.

Document request no. 4 asks Defendants to produce all files maintained by Defendants' employees, agents, affiliates, divisions, parents, etc. in either paper or electronic format, including personnel files, Human Resource files, and managers' files with respect to Defendants Young and Gueno. Defendants object on the basis that the request is overbroad in terms of asking for files maintained by "affiliates, divisions, parents, etc." However, Defendants assert that Defendant OMJPI has mailed Plaintiff a disk containing files related to Defendants Young and Gueno. The Court agrees that document request no. 4 is overbroad in its request for files maintained by Defendants' "agents, affiliates, divisions, parents, etc." As previously discussed, the Court cannot compel a party to produce documents that are not within its possession, custody, or control. Fed.R.Civ.P. 34(a)(1). The Court will order Defendants to serve an amended response on Plaintiff containing a sworn declaration that after reasonable inquiry Defendants have produced all documents within their possession, custody, or control that are responsive to document request no. 4.

Document request no. 5 asks Defendants to produce all Viewpoint and/or Prescriber View data related to either Topamax, Risperdal, and Axert with respect to all regions to which Plaintiff was assigned from 2002-2008. Plaintiff contends that Viewpoint and Prescriber View data is relevant to show whether Defendants had access to data by which they could evaluate sales representatives based on their sales of Topamax to treat migraines, including sales made to child neurologists. Defendants object on the basis of relevance and that the request seeks confidential and proprietary information. Defendants also contend that the request is overly broad, unduly burdensome, and oppressive in part because Plaintiff requests information on Risperdal and Axert

without providing a basis for doing so, and because the information Plaintiff seeks was updated and changed on a continuous basis. Defendants further contend that there were at least thirty to forty sales representatives at any given time in Plaintiff's regions and the request seeks information on all of these representatives. Plaintiff does not identify why she requests information related to Risperdal and Axert. The Court will grant Plaintiff's motion as to Topamax only.

Document request no. 6 asks Defendants to produce all documents regarding the assigning of physicians or medical personnel to the pharmaceutical sales representatives' "call plans" for all regions to which Plaintiff was assigned from 2002-2008. Defendants object on the grounds that the request is overly broad, unduly burdensome, oppressive, seeks information that is irrelevant, and requests information that is confidential and proprietary. The Court is prepared to grant Plaintiff's motion as to this request. However, the parties' Joint Statement reveals that Defendants have learned that their call plan information for the requested time period is in off-site storage on back-up tapes. Defendants contend that they have offered to review the back-up tapes and compile whatever call plans are available for the sales representatives in Plaintiff's district from 2002 to 2008, rather than for her entire region, and that Plaintiff has agreed to this resolution. (Docket no. 85 at 4).[1] Accordingly, based on assertions made in the parties' Joint Statement, issues pertaining to document request no. 6 appear to have been resolved and Plaintiff's motion as to this request is moot.

2. <u>Plaintiff's Third Interrogatories and Request for Production of Documents</u>

Interrogatory no. 1 asks Defendants to identify all persons employed by Defendant OMJPI,

---

[1] Defendants refer to document request no. 5 when making this argument. However, document request no. 6 is the request that seeks call plan information. Therefore, the Court has considered Defendants argument in response to document request no. 6 rather than document request no. 5.

its parent, division, subsidiary, affiliate, or any company within the Johnson & Johnson Family of Companies who were either subpoenaed or who provided testimony to the Grand Jury related to off-label marketing. On February 3, 2011 the Court ordered Defendants to provide this information to Plaintiff. (Docket no. 77). Defendants contend that they are currently compiling responsive information. The Court will order Defendants to respond by a date certain.

3.   Plaintiff's Fourth Request for Production of Documents

Document request no. 1 asks Defendants to produce all documents referenced by Defendant Gueno at pages 200-201 of his deposition, including the spreadsheets and all documents relating to the spreadsheets referenced by Defendant Gueno. Defendants object on the basis that the request is overly broad, unduly burdensome, and irrelevant. The Court will grant Plaintiff's motion as to this request.

Document request no. 2 asks Defendants to provide all documents that address, reference, support or refute that Defendant OMJPI and/or Johnson & Johnson or any company in the Johnson & Johnson Family of Companies ever undertook any measures to remove information or data regarding the marketing of Topamax to child neurologists for the treatment of migraines either from the data used to establish business planning and/or from the data used or considered in any way to evaluate, benchmark or otherwise track the performance of sales representatives. Defendants object on the basis that the request is vague, overly broad, unduly burdensome, and seeks irrelevant information. The Court finds that document request no. 2 is overbroad. Plaintiff's motion will be denied as to this request.

4.   Request to Reopen the Depositions of Jan Jeffords Schenck, Defendant Young, and Defendant Gueno

Plaintiff asks that the Court allow her to reopen the depositions of Jan Jeffords Schenck,

Defendant Young, and Defendant Gueno after Defendants have been ordered to fully comply with Plaintiff's discovery requests. (Docket no. 72). Defendants did not respond to this request. Federal Rule of Civil Procedure 30 provides that unless otherwise stipulated or ordered by the court, "a deposition is limited to 1 day of 7 hours." Fed.R.Civ.P. 30(d)(1). "A party must obtain leave of court, and the court must grant leave to the extent consistent with Rule 26(b)(2) if the parties have not stipulated to the deposition and . . . the deponent has already been deposed in the case." Fed.R.Civ.P. 30(a)(2)(A)(ii). Plaintiff has stated that Jan Jeffords Schenck, Defendant Young, and Defendant Gueno have been deposed yet the lengths of the depositions are unknown. Plaintiff's need to depose each of these three witnesses again is speculative at this time. In addition, Plaintiff has not indicated that the parties refuse to stipulate to reopening the depositions. Fed.R.Civ.P. 30(a)(2)(A). Based on the Court's lack of information as to the extent of the depositions to date, the speculative nature as to whether depositions of each of the three witnesses will be necessary, and the Plaintiff's silence as to whether the parties will stipulate to the depositions, the Court will deny without prejudice Plaintiff's request to re-depose Jan Jeffords Schenck, Defendant Young, and Defendant Gueno.

**IT IS THEREFORE ORDERED** that Plaintiff's Second Motion To Compel More Complete Answers To Plaintiff's Second Set Of Requests For Production Of Documents, Plaintiff's Third Interrogatories and Request For Production Of Documents, and Plaintiff's Fourth Request For Production Of Documents (docket no. 75) is **GRANTED IN PART** as follows:

> 1. Defendants must make reasonable efforts to identify whether corporate counsel including counsel for Ortho-McNeil have documents responsive to Plaintiff's Second Request for Production of Documents no. 2 and if so, must produce those documents that are within Defendants' possession, custody, or control. If after reasonable effort Defendants are unable to locate any responsive documents, Defendants must serve an amended response on Plaintiff containing a sworn declaration describing with specificity the details of the efforts

made to locate documents and declaring that after making reasonable effort Defendants cannot locate any documents within their possession, custody, or control that are responsive to Plaintiff's Second Request for Production of Documents no. 2.

2. Defendants must supplement their response to Plaintiff's Second Request for Production of Documents no. 3 by identifying by Bates stamp numbers those documents already produced from managers' files including documents produced from the file kept by Defendant Gueno.

3. Defendants must serve an amended response on Plaintiff containing a sworn declaration that after reasonable inquiry Defendants have produced all documents within their possession, custody, or control that are responsive to Plaintiff's Second Request for Production of Documents no. 4.

4. Defendants must produce documents responsive to Plaintiff's Second Request for Production of Documents no. 5 relative to Topamax only.

5. Defendants must provide Plaintiff with the information requested in Plaintiff's Third Interrogatories no. 1 pursuant to the order entered February 3, 2011 at docket no. 77.

6. Defendants must produce documents responsive to Plaintiff's Fourth Request for Production of Documents no. 1.

7. All discovery responses ordered herein must be served on Plaintiff on or before May 2, 2011.

8. Plaintiff's request for sanctions under Federal Rule of Civil Procedure 37 is denied.

## NOTICE TO THE PARTIES

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of fourteen days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. § 636(b)(1).

Dated: March 17, 2011         s/ Mona K. Majzoub
                              MONA K. MAJZOUB
                              UNITED STATES MAGISTRATE JUDGE

## PROOF OF SERVICE

I hereby certify that a copy of this Order was served upon Counsel of Record on this date.

Dated: March 17, 2011                                  s/ Lisa C. Bartlett
                                                                   Case Manager