UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**CHRISTINE KHAMI,**

       **Plaintiff,**            CIVIL ACTION NO. 09-CV-11464

vs.

           DISTRICT JUDGE DAVID M. LAWSON

**ORTHO-MCNEIL-JANSSEN**      MAGISTRATE JUDGE MONA K. MAJZOUB
**PHARMACEUTICAL, INC., KEVIN**
**GUENO, and REGGIE YOUNG,**

       **Defendants.**
_____/

## ORDER ON PLAINTIFF'S EMERGENCY MOTION FOR PROTECTIVE ORDER (DOCKET NO. 88)

This matter comes before the Court on Plaintiff's Emergency Motion for Protective Order. (Docket no. 88). Defendants filed a response. (Docket no. 90). Plaintiff filed a reply. (Docket no. 92). The parties filed a Joint Statement of Resolved and Unresolved Issues. (Docket no. 112). On April 20, 2011 the district court granted Plaintiff's motion in part and ordered Defendants and their representatives to refrain from contacting Plaintiff's current employer about the Plaintiff until a hearing is held on the motion. (Docket 89). The district court then referred the motion to the undersigned for hearing and determination. (Docket no. 89). The Court heard oral argument on the motion on September 9, 2011. This matter is now ready for ruling pursuant to 28 U.S.C. § 636(b)(1)(A).

Plaintiff moves for a protective order prohibiting Defendants, including any Johnson & Johnson divisions, subsidiaries, affiliates or any company within the Johnson & Johnson Family of

1

Companies, including their attorneys, agents, employees, representatives, servants, friends, family or colleagues, from contacting her current employer by subpoena or otherwise about Plaintiff without a court order authorizing such contact. In response, Defendants argue that Plaintiff has been unable or unwilling to provide detailed information pertaining to her current employer's compensation, benefits, and bonus package. Since this information is relevant in terms of Plaintiff's economic damages, Defendants claim they are left with no other alternative but to subpoena Plaintiff's current employer for the information.

Rule 26(c), Fed. R. Civ. P., allows the Court to enter a protective order for good cause to protect a party from annoyance, embarrassment, oppression, or undue burden or expense. The party requesting the protective order bears the burden of showing good cause for it to issue. *Brittain v. Stroh Brewery Co.*, 136 F.R.D. 408, 412 (M.D. N.C. 1991). The moving party must make "a particular request and a specific demonstration of facts in support of the request as opposed to conclusory or speculative statements about the need for a protective order and the harm which would be suffered without one." *Id.* (citing *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 102 n.16 (1981)). In ruling on a motion for protective order, the Court may order that "any party or person provide or permit discovery." Fed. R. Civ. P. 26(c)(2).

For the reasons set forth on the record at the hearing on this motion, Plaintiff's Motion for Protective Order (docket no. 88) is denied. Instead, the Court will order Plaintiff to procure from her current employer and produce to Defendants written documents and policies describing her current employer's total compensation package and bonus plan structure as it pertains to Plaintiff, including salary, bonus, and benefits, to include car allowance, cell phone allowance, health insurance, and disability insurance. Defendants will be given time to review Plaintiff's document

production. If Defendants are satisfied with Plaintiff's production as described in this order, the parties should submit a stipulation of their agreement that Plaintiff will not testify at trial that her current employer is financially unstable and in jeopardy of closing its doors, and Defendants will not contact Plaintiff's current employer.

**IT IS THEREFORE ORDERED** that Plaintiff's Emergency Motion for Protective Order (docket no. 88) is **DENIED** and the parties are ordered to do the following:

A. On or before October 10, 2011 Plaintiff must obtain from her employer and produce to Defendants written documents and policies describing her current employer's total compensation package and bonus plan structure relative to Plaintiff, including salary, bonus, and benefits such as car allowance, cell phone allowance, health insurance, and disability insurance. In addition to this information, Plaintiff must provide Defendants with a written statement outlining every step taken to ascertain this information from Plaintiff's current employer.

B. If Defendants are satisfied with Plaintiff's document production as described in this order, then on or before October 30, 2011, the parties must submit a stipulation of their agreement that Plaintiff will not testify at trial that her current employer is financially unstable and in jeopardy of closing its doors, and in return Defendants will not contact Plaintiff's current employer.

**NOTICE TO PARTIES**

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of fourteen days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. § 636(b)(1).

Dated: September 9, 2011          s/ Mona K. Majzoub
                                  MONA K. MAJZOUB
                                  UNITED STATES MAGISTRATE JUDGE

**PROOF OF SERVICE**

I hereby certify that a copy of this Order was served upon Counsel of Record on this date.


Dated: September 9, 2011          s/ Lisa C. Bartlett
                                  Case Manager