UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHRISTINE KHAMI,

    Plaintiff,

v.

ORTHO-MCNEIL-JANSSEN PHARMACEUTICALS,
INC., KEVIN GUENO, and REGGIE YOUNG,

    Defendants.

Case Number 09-11464
Honorable David M. Lawson
Magistrate Judge Mona K. Majzoub

_____/

## ORDER OVERRULING PLAINTIFF'S OBJECTIONS TO MAGISTRATE JUDGE MONA K. MAJZOUB'S ORDER ON PLAINTIFF'S EMERGENCY MOTION FOR PROTECTIVE ORDER

On April 20, 2011, the plaintiff filed an emergency motion for protective order prohibiting defendants, including any Johnson & Johnson divisions, subsidiaries, affiliates, or any company within the Johnson & Johnson "Family of Companies," including their attorneys, agents, employees, representatives, servants, friends, family, or colleagues, from contacting, either directly or indirectly, including but not limited to by telephone, orally, in writing, e-mail, or communicating with or otherwise contacting, issuing a subpoena, or interviewing the plaintiff's current employer about the plaintiff or regarding plaintiff without a court order authorizing such contact or communications. The same day, the Court entered an order granting in part the plaintiff's motion and referring the motion to Magistrate Judge Mona K. Majzoub. After hearing oral argument on September 9, 2011, Magistrate Judge Majzoub denied the plaintiff's emergency motion for protective order and ordered the parties to do the following:

> A. On or before October 10, 2011 Plaintiff must obtain from her employer and produce to Defendants written documents and policies describing her current employer's total compensation package and bonus plan structure relative to Plaintiff,

> including salary, bonus, and benefits such as car allowance, cell phone allowance, health insurance, and disability insurance. In addition to this information, Plaintiff must provide Defendants with a written statement outlining every step taken to ascertain this information from Plaintiff's current employer.
>
> B. If Defendants are satisfied with Plaintiff's document production as described in this order, then on or before October 30, 2011, the parties must submit a stipulation of their agreement that Plaintiff will not testify at trial that her current employer is financially unstable and in jeopardy of closing its doors, and in return Defendants will not contact Plaintiff's current employer.

Order on Plaintiff's Emergency Motion for Protective Order [dkt. #115] at 3.  The plaintiff filed objections to this order on September 16, 2011, in which she argues that the magistrate judge erred by denying the plaintiff's motion because doing so rendered moot the remaining language in the order dictating what the parties were to do.  Rather, the plaintiff argues, the magistrate judge's order indicates that the magistrate judge meant to grant the plaintiff's motion for protective order and allow her time to provide the defendants with sufficient discovery responses.  The plaintiff also argues that paragraph B of the magistrate judge's order is inconsistent with the spirit of the order in that provides the defendants with the unilateral authority to declare that the plaintiff's discovery responses are insufficient.

Under 28 U.S.C. § 636(b)(1)(A), a magistrate judge has the authority "to hear and determine any pretrial matter pending before the court," with certain exceptions that do not apply here.  28 U.S.C. § 636(b)(1)(A).  Federal Rule of Civil Procedure 72 permits parties a fourteen-day window after service of the order to object.  Fed. R. Civ. P. 72(a).  Upon receiving objections, this Court reviews an order by a magistrate judge on a non-dispositive matter to determine whether the decision is "clearly erroneous or contrary to law."  28 U.S.C. § 363(b)(1)(A); *see also* Fed. R. Civ. P. 72(a) (stating that upon receipt of timely objections, "[t]he district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to

law"); *United States v. Curtis*, 237 F.3d 598, 603 (6th Cir. 2001). A decision is "clearly erroneous" when, "although there is evidence to support it, the reviewing court on the entire evidence is left with a definite and firm conviction that a mistake has been committed." *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948). Where there are two plausible views, a decision cannot be "clearly erroneous." *Anderson v. City of Bessemer City*, 470 U.S. 564, 574 (1985).

The plaintiff is seeking economic damages, back pay, and front pay from the date of her termination to the present day because there is a disparity between her previous salary at Ortho-McNeil-Janssen Pharmaceuticals and her current salary at her new job, which she started on March 8, 2011. During oral argument, the defendants contended that the plaintiff's deposition testimony regarding her bonus plan was too vague to allow them to address her potential damages and mitigation. According to the plaintiff, she could not testify clearly about the bonus plan because her employer, a new division of the company, does not have a clearly defined bonus plan in place. The magistrate judge noted that if the plaintiff put the difference in pay at issue, the defendants were entitled to information concerning her compensation package, including her bonus plan, at her new job. The magistrate judge gave the plaintiff two options: produce the detailed information on her own or force the defendants to serve her new employer with a subpoena. Implicit in the magistrate judge's decision was the fact that the defendants' right to the information outweighed the plaintiff's interest in restricting contact with her new employer.

Federal Rule of Civil Procedure 26 allows broad discovery in civil litigation, including "any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). However, Rule 26's "desire to allow broad discovery is not without limits and the trial court is given wide discretion in balancing the needs and rights of both plaintiff and defendant." *Scales v. J.C.*

*Bradford & Co.*, 925 F.2d 901, 906 (6th Cir. 1991).  Upon good cause shown, Federal Rule of Civil Procedure 26(c)(1) authorizes a court in its discretion to enter protective orders "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."  Fed. R. Civ. P. 26(c)(1); *Surles ex rel. Johnson v. Greyhound Lines, Inc.*, 474 F.3d 288, 306 (6th Cir. 2007).

Upon review of the documentation submitted by the parties, the Court finds that Judge Majzoub's order denying the plaintiff's emergency motion for protective order and directing the parties to take certain actions was neither clearly erroneous nor contrary to law.  The plaintiff, by seeking damages for the time period after she found a new job, put in issue the amount of compensation she earns presently.  The defendants, therefore, have a right to discover that information either through discovery requests directed to the plaintiff or a subpoena directed at her new employer.  The defendants attempted to gather the required information by deposing the plaintiff, but she was unable to remember the details of her new employer's bonus plan.  Assuming the plaintiff is unable obtain the requested information, prohibiting the defendants from contacting her new employer would deprive them of any opportunity to glean information needed to prepare for trial.  The magistrate judge did not err in denying the plaintiff's motion for protective order.

The Court finds it curious that the magistrate judge, after requiring the plaintiff to provide the defendants "with a written statement outlining every step taken to ascertain this information from Plaintiff's current employer," did not require the defendants to seek the Court's permission to contact the plaintiff's new employer. Based on the graduated approach prescribed by the magistrate judge, the Court is convinced that omission is an oversight.  Therefore, the Court will supplement the order to so provide.  It is plain that the plaintiff seeks to avoid jeopardizing her current job by subjecting her present employer to the consequences of her own litigation.

<s>2:09-cv-11464-DML-MKM   Doc # 119   Filed 11/02/11   Pg 5 of 5   Pg ID 2350</s>

Accordingly, it is **ORDERED** that the plaintiff's objections [dkt. #118] to the magistrate judge's order are **OVERRULED**.

It is further **ORDERED** that before directing third-party discovery to the plaintiff's employer, the defendants must apply to this Court for permission to do so, setting forth the information to be sought.

        s/David M. Lawson
        DAVID M. LAWSON
        United States District Judge

Dated: November 2, 2011

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on November 2, 2011.

        s/Deborah R. Tofil
        DEBORAH R. TOFIL